```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


CALVIN ALPHONSE LEE,              :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :    CIVIL ACTION 11-0600-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,  :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-three years old, had completed one year of college (Tr. 43), and had previous work experience as a maintenance worker, forklift operator, industrial truck operator, and ripsaw operator (Tr. 45, 54). In claiming benefits, Plaintiff alleges disability due to mental impairments, osteoarthritis, and arthralgia (Doc. 12 Fact Sheet).

The Plaintiff filed protective applications for disability insurance and SSI on January 29, 2008 (Tr. 115-25; *see* Tr. 19). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not

2

perform his past relevant work, there were medium exertional jobs which Lee could perform (Tr. 19-30).  Plaintiff requested review of the hearing decision (Tr. 15) by the Appeals Council, but it was denied (Tr. 1-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Lee alleges that:  (1) The ALJ failed to properly consider his mental impairments; and (2) the ALJ did not properly assess Lee's residual functional capacity (Doc. 12).  Defendant has responded to—and denies—these claims (Doc. 13).

Plaintiff first claims that the ALJ failed to properly consider his mental impairments.  More specifically, Lee asserts that the ALJ did not properly consider GAF scores in the record (Doc. 12, pp. 5-7).

In his decision, the ALJ stated the following:

> The claimant has consistently had a GAF score between 45 and 55 which is indicative of moderate to serious symptoms; however, the Administrative Law Judge notes that the Commissioner has declined to endorse the GAF scale for "use in the Social Security and SSI disability programs," and has indicated that GAF scores have no "direct correlation to the severity requirements of the mental disorders listing."  *See* 65 Fed.Reg. 50746, 50764-65 (Aug. 21, 2000).  *Also see, DeBoard v. Barnhart*, No. 05-6854 (6th Cir. Dec. 15, 2006).  Therefore, the underlying findings

> of the medical and non-medical evidence are
> found to be more relevant in determining the
> claimant's residual functional capacity than
> a GAF score, which lacks reliability in
> disability determinations.

(Tr. 27-28).  Lee admits that this is a correct statement of the law, but argues that the ALJ "misapplies it to the evaluation of claimant's mental impairments" (Doc. 12, p. 6).  Plaintiff goes on to assert that "the ALJ failed to offer any insight into his consideration of Mr. Lee's GAF scores or the weight given them" (*id.* at p. 7).

The Court notes that the ALJ made the following specific findings with regard to Plaintiff's mental impairments:

> Finally, the claimant has been
> diagnosed with and treated for depressive
> disorder, personality disorder, and history
> of substance abuse (Exhibit 14F).  He is
> treated for these impairments primarily at
> the Department of Veteran's Affairs
> Hospital.  Treatment includes medication and
> psychotherapy.  Treatment notes show that
> the claimant reported effective symptoms
> resolution with the present regimen of
> psychiatric medicines with no reported side
> effects (Exhibit 10F-81).  Additionally, the
> record shows that the claimant participates
> in therapy.  The claimant's drug use has
> been in sustained remission outside of
> controlled environment since his release
> from prison (Exhibit 13F-6).  Overall, the
> medical evidence of record shows that
> treatment is effective at controlling the
> claimant's mental impairments.  Although the

4

>claimant is usually treated for his mental
>impairments at the Department of Veteran's
>Affairs Hospital, the record was
>supplemented by a consultative examination
>conducted by D. Kent Welsh, Ph.D. (Exhibit
>5F).  At the consultative examination, the
>claimant reported feeling sad and withdrawn
>and had a low energy level.  Based on his
>examination of the claimant, Dr. Welsh
>confirmed the diagnosis of depressive
>disorder, personality disorder, and history
>of substance abuse.  As previously
>discussed, the evidence of record
>demonstrates that the claimant has mild
>limitations in activities of daily living;
>moderate limitations in social functioning
>and concentration, persistence or pace; and
>has experienced no episodes of
>decompensation of extended duration.  The
>record as a whole supports a finding that
>the claimant has the ability to understand,
>recall, and carry out short simple
>instructions and to attend to such tasks for
>two hour intervals.  Routine contact with
>the general public should not be a usual job
>assignment.  Finally, changes in the work
>routine should be infrequent.  In other
>words, as a result of his mental
>impairments, the claimant is limited to
>unskilled work.

(Tr. 26).

The Court notes that Plaintiff has not complained that the ALJ's summary of this medical evidence was faulty.  Likewise, Lee has not directed this Court to any medical evidence, except for the GAF scores, which he asserts has been ignored.  As shown above, however, the ALJ did not ignore the results; he rejected

them for other record evidence.  In light of these findings, the Court concludes that the ALJ has properly rejected the GAF evidence by pointing to other, better evidence of Lee's abilities in spite of his mental impairments.  Plaintiff's claim otherwise is without merit.

Lee also claims that the ALJ did not properly assess his residual functional capacity (hereinafter *RFC*).  More specifically, Plaintiff asserts that the RFC is not supported by the assessment of an examining or treating physician (Doc. 12, pp. 7-9).  The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2011).

The ALJ determined that Lee had the RFC

> to perform work at a medium exertional level as defined in 20 C.F.R. 404.1567(c)[1] and 416.967(c).  He has the ability to understand, recall, and carry out short simple instructions and to attend to such tasks for two hour intervals.  Routine contact with the general public should not be a usual job assignment.  Finally, changes in the work routine should be infrequent.

(Tr. 24) (footnote added).  As explanation for this conclusion, the ALJ summarized the medical evidence relating to Plaintiff's

---

[1]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do

6

impairments, including degenerative joint disease of both knees and the acromioclavicular joint, lumbar strain, sciatica, obesity, depressive disorder, personality disorder, history of substance abuse, and his musculoskeletal impairments (Tr. 25-27); Lee has not challenged the ALJ's representation of the evidence and has not directed this Court's attention to any other evidence.  The ALJ found that Plaintiff's own testimony was not credible (Tr. 27), a conclusion not challenged by Lee in this action.  The ALJ also correctly noted that no examining or treating physicians had placed any limitations on Plaintiff's physical abilities (Tr. 27).  Though Lee argues that the ALJ has no medical basis for the RFC assessment reached in this action, he has pointed to nothing which disputes or contradicts it.  The Court cannot say that the ALJ's decision is not supported by substantial evidence.

    Plaintiff has raised two claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612

---

sedentary and light work." 20 C.F.R. § 404.1567(c) (2011).

7

F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 10th day of May, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE